## Ziccardi v. South Coventry Township

*Lawrence E. Wood,* for plaintiffs.
*Robert W. Lentz,* for defendants.

MARRONE, *J.,* January 6, 1975—Plaintiffs are residents and/or property owners in the Township of South Coventry. They have filed a complaint in

equity seeking to enjoin defendant, the Township of South Coventry, from continuing with or from appropriating funds for the condemnation of certain tracts of land in the township. The records of the Tax Assessment Office of the County of Chester list the owners of those lands as unknown.

The complaint alleges that on or about July 11, 1973, advertisements appeared in newspapers circulating in defendant township, noting the township's intention to acquire, by ordinance, the property in question. It is alleged further that an ordinance was "apparently" adopted on August 6, 1973, and thereafter, on November 10, 1973, notices appeared in newspapers circulating in defendant township indicating the intention of the township to appropriate by (sic) money and to acquire the said property by eminent domain.

Plaintiffs' theory is that as taxpayers of the township they have the right to object to defendant's actions in acquiring the land involved since the properties are not being condemned for a public purpose and the procedures being employed by defendant are not proper. In addition they claim possible future damage to themselves as property owners and taxpayers.

Timely preliminary objections in the nature of a demurrer, petition raising a question of jurisdiction, petition raising a question of lack of capacity to sue, and a petition raising a question of laches were filed by defendant.

In support of its preliminary objections in the nature of a demurrer, defendant argues that the complaint does not set forth any right of plaintiffs which has been or would be infringed by the condemnation. While the reasons advanced by defendant for its position in that regard do not coincide with those of the court, nevertheless, the demurrer must be sustained.

Plaintiffs' position appears to be that of a taxpayer aggrieved by the action of the defendant township and not as that of a condemnee, although the complaint alleges damages or possible damages to plaintiffs by reason of the condemnation. Perhaps plaintiffs have adopted this position because defendant has raised the question of plaintiffs' standing to bring the suit, arguing strenuously that plaintiffs are relegated to the remedies provided in the Eminent Domain Code, Act of June 22, 1964, Sp. Sess., P.L. 84, sec. 101, et seq., 26 PS §§1-101, et seq. At any rate, since at oral argument and in their brief plaintiffs have clearly stated that the thrust of their complaint is that of a taxpayer attempting to protect his rights, citing Baker v. Carr, 369 U.S. 186 (1962), our inquiry will be limited to whether the complaint states such a cause of action.

The first six paragraphs of the complaint, other than identifying the parties, set forth the history leading to the suit. The body of the complaint alleges that an ordinance was "apparently" adopted August 6, 1973. Attached to the complaint as an exhibit is a copy of a notice appearing in the Pottstown Mercury. That notice sets forth the procedure employed by the township with references to the various acts of assembly under which the township undertook to proceed with the condemnation of the land which is the subject of this suit.

While the complaint avers that the properties are not being condemned for a proper public purpose, the exhibit to the complaint refers to the fact that the property is being taken by the condemnor for parks and other municipal purposes. The Second Class Township Code, Act of May 1, 1933, P.L. 103, art. XIX, sec. 1901, as last amended by the Act of July 2, 1953, P.L. 354, sec. 13, 53 PS §66901, au-

thorizes the supervisors of any township by ordinance to acquire lands or buildings for use as parks, playgrounds, playfields. There is nothing further in the complaint regarding the proposed use of the lands in question other than as parks. The bald averment that they are not being condemned for a proper public purpose is insufficient to withstand the attack by way of demurrer.

Plaintiffs next attack the procedures employed in the condemnation process as not being proper. Nothing is set forth to enlighten anyone as to what was done improperly. The exhibit attached to the complaint recites that the township has proceeded under the authority of The Second Class Township Code (supra). In addition there is set forth the fact that the township has filed in the Court of Common Pleas of Chester County, Pennsylvania, a declaration of taking conforming to the Eminent Domain Code for the taking of the land described in the advertisement. Since the complaint fails to recite any facts on which a finding that the township acted improperly can be made, the averment pertaining to the employment of improper procedures does not make out a cause of action against defendant.

In addition to the averments regarding the condemnation itself, plaintiffs further set forth that they object to the township's attempted acquisition because the township is acquiring landlocked properties and may in the future try to condemn or use portions of plaintiffs' land for access to the condemned properties. They claim further that the owners of the condemned properties are unknown, thereby subjecting the township to the possibility of future litigation and that at least one of the properties has been ordered by this court to be exposed to

public sale and plaintiffs will be deprived of their right to bid thereon.

If the township attempts to condemn or use portions of plaintiffs' land in the future they, of course, have an adequate remedy under the provisions of the Eminent Domain Code and plaintiffs are not entitled to an injunction of those grounds. Nor is there a right in plaintiffs to an injunction by reason of the fact that the township may be subjected to future litigation. The Second Class Township Code authorizes condemnations for park purposes. Possible future litigation may occur in any condemnation, whether the owners of the condemned land are known or unknown. So long as the township proceeds in accordance with its statutory authority this court will not interfere.

Plaintiffs cite no authority to sustain their view that they may prevail since they allegedly have been foreclosed from bidding on one of the properties exposed to public sale. Even if those properties were unlawfully removed by the proper county officials, no cause of action would lie against this defendant in the absence of facts not pleaded in this complaint.

Much of the argument of the parties was directed at whether or not the Eminent Domain Code provides the exclusive remedy to plaintiffs. Having accepted the theory of plaintiffs as set forth by counsel that the suit is in the nature of a taxpayers' suit to enjoin a wrongful or unlawful appropriation of public funds, we need not discuss the remaining preliminary objections.

## ORDER

And now, January 6, 1975, the preliminary objections in the nature of a demurrer are sustained and plaintiffs' complaint is hereby dismissed.